[This opinion has been published in *Ohio Official Reports* at 70 Ohio St.3d 374.]

OFFICE OF DISCIPLINARY COUNSEL *v*. HART.

[Cite as *Disciplinary Counsel v. Hart*, 1994-Ohio-78.]

*Attorneys at law—Misconduct—Stayed six-month suspension—Conduct that adversely reflects on one's fitness to practice law.*

(No. 94-967—Submitted July 27, 1994—Decided September 28, 1994.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 93-22.

_____

{¶ 1} On September 21, 1990, Richard Edward Hart of Hamilton, Ohio, Attorney Registration No. 0020669, was arrested for operating a motor vehicle while under the influence of alcohol and/or drugs of abuse, in violation of R.C. 4511.19(A)(1). Respondent provided a urine specimen which was determined by a toxicologist to contain cocaine and meperidine, both Schedule II controlled substances. Respondent was subsequently found guilty by the Hamilton County Municipal Court upon his plea of no contest to the R.C. 4511.19 offense and was sentenced to one hundred and eighty days in jail and fined one thousand dollars. Respondent's jail sentence and part of his fine were suspended, and he was placed on probation for one year. As a condition of this probation, respondent was ordered to attend Alcoholics Anonymous ("AA") meetings. Respondent successfully completed his probation.

{¶ 2} As a result of respondent's R.C. 4511.19(A)(1) conviction, the Ohio State Board of Pharmacy initiated proceedings pursuant to R.C. 4729.16 against respondent, a registered pharmacist. Respondent's pharmacist's license was suspended indefinitely, although he was allowed to apply for reinstatement after one year if he met certain specified conditions.

**{¶ 3}** By a complaint filed June 21, 1993, relator, Office of Disciplinary Counsel, charged in a single count that respondent's conduct violated DR 1-102(A)(3) (illegal conduct involving moral turpitude) and 1-102(A)(6) (any other conduct that adversely reflects on one's fitness to practice law). An evidentiary hearing was held before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on October 8, 1993. The parties stipulated to the underlying facts. The parties further stipulated and the panel found that respondent's conduct violated DR 1-102(A)(6). Respondent presented testimonial and documentary evidence in mitigation at the hearing.

**{¶ 4}** Respondent practiced pharmacy from 1966 until his August 1992 suspension. He practiced law part-time from 1981 until 1990, and full-time after August 1992. According to respondent, at the time he committed the R.C. 4511.19(A)(1) offense, he was addicted to cocaine and meperidine, which he utilized to relieve pain from recent surgeries, keep him awake, and treat his depression. As conditions of his probation and/or his pharmacy license suspension, respondent completed an inpatient drug and alcohol rehabilitation program, and entered into a five-year contract with Pharmacists Rehabilitation Organization Inc. ("PRO"), a nonprofit peer-assistance group directing pharmacists with chemical dependency problems to appropriate treatment. PRO required respondent to attend AA meetings, submit to random drug testing, and participate in a monitoring program supervised by regional representatives of PRO and other area pharmacists.

**{¶ 5}** Respondent attended all required AA meetings, and all his drug tests except for one were negative. The lone positive test result indicated phenobarbitol in his urine, which respondent explained possibly resulted from his ingestion of certain stomach medicine. The last day that respondent consumed alcohol, cocaine or meperidine was the date of his arrest for violating R.C. 4511.19(A)(1). There was no evidence that respondent had ever engaged in misconduct relating to his legal representation of any client. Several individuals, including the president of

PRO, submitted letters attesting to respondent's good character and continued sobriety.

{¶ 6} The parties and the panel recommended that respondent be suspended from the practice of law for six months, with the suspension stayed so long as no further disciplinary complaints are filed against respondent within the six-month period following approval of the recommendation by the court. The board adopted the findings of fact, conclusions of law, and recommendation of the panel, and further recommended that costs be taxed to respondent.

_____

*Geoffrey Stern*, Disciplinary Counsel, and *Sally Ann Steuk*, Assistant Disciplinary Counsel, for relator.

*Clayton G. Napier*, for respondent.

_____

**Per Curiam.**

{¶ 7} We concur in the findings and recommendation of the board. Respondent's diligent compliance with conditions of his probation and his pharmacy license suspension, his negative drug test results, the fact that his misconduct did not relate to his practice of law, as well as the other mitigating evidence, indicates that a stay is appropriate. Respondent is hereby suspended from the practice of law for six months, but the suspension is stayed so long as no subsequent disciplinary complaints are filed against respondent within the six-month period. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

_____

3